UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MARK A. WEISS,

        Petitioner,

        v.                        Case No. 13-C-0342

BYRAN BARTOW
*sued as: Byron Bartow*,

        Respondent.

---

DECISION AND ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REQUIRING WEISS TO FILE AN AMENDED PETITION

On March 25, 2013, Mark Q. Weiss filed a petition for writ of habeas corpus and motion for leave to proceed in forma pauperis. Weiss challenges his February 6, 2009, judgment of conviction in Kenosha County Circuit Court, Case No. 08-CF-210. The state court imposed a sentence of four years in prison followed by two years of extended supervision but the sentence was stayed and Weiss was placed on probation for four years. Weiss appealed and the Wisconsin Court of Appeals affirmed. Based on the documents attached to the petition, it appears that Weiss's extended supervision was revoked in February of 2012 by an administrative law judge.

As an initial matter, Weiss filed with his petition an application for leave to proceed in forma pauperis along with an affidavit of indigence as required by § 1915. Weiss represents that he is not employed, currently incarcerated, and owns no car, home, or valuable property. In addition, Weiss has no cash, checking, savings, or other similar accounts. Although Weiss receives $535 per month, he continues to pay rent of $600 per

month. Further, his regular account at the Wisconsin Resource Center reflects a zero balance. Accordingly, his request to proceed without prepayment of costs will be granted.

Nevertheless, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. The court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. 28 U.S.C. § 2254(b)(1). To exhaust a claim, a petitioner must give the state courts a full and fair opportunity to review it. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

It is not clear from the face of the petition whether Weiss has asserted a viable claim for habeas relief. With respect to ground one, Weiss argues "excessive fines, reissued charge of stalking which original charge in first preliminary hearing were dismissed without prejudice and a new charge was issued." Weiss may be referring to his underlying conviction or the more recent revocation proceedings. Consequently, the court cannot determine whether he has exhausted his state remedies and/or timely asserted a claim that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §§ 2244(d)(1), 2254(b)(1) and (d). As for ground two, Weiss asserts that he "tried to appeal

2

the case in front of Circuit Court Judge Mary K. Wagner who is prejudice [sic] in this case." This contention appears to reference a proceeding on August 23, 2011. However, Weiss explains that he is seeking time served because of an "excessive bifurcated sentencing" and that there is no reason the "state reissued a new charge" inasmuch as stalking was a felony that used to be a misdemeanor.

For Weiss to proceed, he must file an amended petition identifying his claims clearly and whether those claims arise under the Constitution. In addition, Weiss should explain when any alleged violation occurred and whether he took any steps to appeal the violation in the state court.

Now, therefore,

IT IS ORDERED that Mark A. Weiss's motion to proceed in forma pauperis is granted. (Doc. #2)

IT IS FURTHER ORDERED that Weiss shall file an amended petition on or before April 30, 2013. Failure to file may result in the dismissal of the case.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2013.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE